IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| KIPP FLORES ARCHITECTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| ROYAL RIDGE CONSTRUCTION, LLC, | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

Plaintiff, Kipp Flores Architects, LLC ("Plaintiff" or "KFA"), files this Complaint against Royal Ridge Construction, LLC ("Defendant" or "RRC") and for its causes of action shows the following:

### PARTIES, JURISDICTION, AND VENUE

1. KFA is a Texas limited liability company with its principal place of business in Austin, Texas.

2. RRC is an Arkansas limited liability company with its principal place of business in Fort Smith, Arkansas. By agreement, RCC has agreed to be served via its counsel, Mark Henry.

3. This is an action for architectural copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 *et seq*.

4. This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338(a).

5. Defendant is subject to the personal jurisdiction of this Court because it resides in this District and solicits and transacts business in this District on a regular basis, and because acts

complained of herein occurred and are occurring in this District.

6. Venue is proper pursuant to 28 U.S.C. § 1400(a) because Defendant resides and/or may be found in this district.

### FACTUAL BACKGROUND

7. KFA is an architectural firm which creates and markets architectural designs. KFA owns valid copyrights protecting the technical drawings and architectural works that it has created.

8. KFA is an author and owner of the copyrights in an architectural work known as KFA Plan 2499 (hereinafter "the 2499"). KFA has registered its architectural works copyrights in this work, as evidenced by Certificate of Registration No. VA 2-247-582.

9. The 2499 architectural work is a derivative of an earlier KFA work known as Sketch 2841. KFA is an author and owner of the copyrights in the Sketch 2841 architectural work. KFA has registered its architectural work copyrights in the Sketch 2841 architectural work, as evidenced by Certificate of Registration No. VAu 1-170-980.

10. The 2499 architectural work and its parent Sketch 2841 architectural work will hereinafter be referred to as the "Architectural Works."

11. The Architectural Works are original works that are copyrightable subject matter under federal law. They constitute and contain wholly original material, including the overall look and feel of the works, and the selection and arrangement of the constituent parts of the works. The Architectural Works are original creations and were not copied from other works (except for the 2499 work being a derivative of the Sketch 2841 work), and have been fixed in a tangible medium of expression.

12. KFA is the sole owner of all rights, title and interest in and to the Architectural Works.

13. KFA has widely disseminated the Architectural Works, including licensing these works to a client in Fort Smith, who has constructed it multiple times in the Stonebrook Chaffee Crossing development.

14. RRC is a Fort Smith area homebuilder and has constructed houses in the Stonebrook Chaffee Crossing development.

15. It is well known in the homebuilding industry, especially since the passage of the Architectural Works Copyright Protection Act of 1990, that it is improper and illegal to reproduce, distribute, and create copies of and derivative works from architectural works and other copyrighted materials without the permission of the copyright owner.

16. As a company in the homebuilding industry, RRC has known or has had reasonable grounds to have known, that reproducing, distributing, and creating copies of and derivative works from architectural works and other copyrighted materials without the permission of the copyright owner is illegal and improper.

17. KFA has not licensed or otherwise authorized Defendant to use of the Architectural Works to construct the house at 6912 Stonebrook Drive, Fort Smith, Arkansas (the "Infringing House"), nor any reproduction or creation of derivatives of the Architectural Works in connection with the construction of the Infringing House, or any other houses.

18. At all material times, RRC has had a reasonable opportunity to view the Architectural Works, including houses embodying them in the Stonebrook Chaffee Crossing development.

19. RRC constructed the Infringing House and/or caused it to be constructed.

20. At all material times, RRC knew, or reasonably should have known, that KFA's Architectural Works were protected by copyrights.

21. RRC created or caused to be created certain house plans for the Infringing House (hereinafter, the "Infringing Plans"). These plans are a copy and/or derivative of the Architectural Works.

22. KFA has never authorized RRC to create, reproduce, distribute, or make other use of the Infringing Plans.

23. The Infringing House is being constructed from the Infringing Plans, and is a copy and/or derivative of the Architectural Works.

24. RRC reproduced the Infringing Plans and/or caused them to be reproduced.

25. RRC has distributed copies of the Infringing Plans and/or caused them to be distributed. Such distribution includes providing copies of the Infringing Plans to subcontractors and to building authorities.

26. KFA discovered the foregoing activities in December 2024, and sent RRC a cease and desist letter on December 31, 2024. RRC has not heeded KFA's demands.

27. The acts of RRC that are described above were committed willfully.

## COUNT I: COPYRIGHT INFRINGEMENT

(17 U.S.C. §§ 101 *et seq.*)

28. KFA realleges and incorporates herein by reference each and every allegation set forth above.

29. As used herein, the Infringing House, the Infringing Plans, and each copy or derivative of the Architectural Works that was created or distributed by or on behalf of RRC will be referred to as an "Infringing Work."

30. RRC's creation of copies of each Infringing Work infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of reproduction.

31. Any creation of copies of each Infringing Work by a third party on behalf of RRC or at its direction or request, infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of reproduction.

32. RRC's distribution of copies of each Infringing Work infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of distribution.

33. Any reproduction of copies of each Infringing Work by a third party on behalf of RRC or at its direction or request, infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of reproduction.

34. Any distribution of copies of each Infringing Work by a third party on behalf of RRC or at its direction or request, infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of distribution.

35. RRC's construction of the Infringing House infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive rights of reproduction and/or to create derivative works.

36. Any sale or other distribution of the Infringing House has or will infringe KFA's copyrights in the Architectural Works, in that it violates KFA's exclusive right of distribution.

37. RRC's creation of the Infringing Plans infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive rights of reproduction and/or to create derivative works.

38. Any creation of the Infringing Plans by a third party on behalf of RRC or at its direction or request, infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of reproduction and/or to create derivative works.

39. RRC's distribution of copies of the Infringing Plans infringed KFA's copyrights in

the Architectural Works, in that it violated KFA's exclusive rights of distribution and/or to create derivative works.

40. Any distribution of the Infringing Plans by a third party on behalf of RRC or at its direction or request, infringed KFA's copyrights in the Architectural Works, in that it violated KFA's exclusive right of distribution and/or to create derivative works.

41. Pursuant to 17 U.S.C. § 504(b), KFA is entitled to recover its actual damages suffered as a result of these infringements.

42. Pursuant to 17 U.S.C. § 504(b), KFA is entitled to recover all profits of RRC that are attributable to the infringement of KFA's copyrights in the Architectural Works.

43. Alternatively, pursuant to 17 U.S.C. § 504(c), KFA is entitled to recover statutory damages from RRC for the infringement of the copyright in the Architectural Work, including enhancements for willful infringement.

44. KFA is entitled to recover pre-and post-judgment interest, reasonable attorney's fees, and costs of court from RRC.

45. Pursuant to 17 U.S.C. § 502, KFA is entitled to preliminary and permanent injunctive relief to restrain copyright infringement of the Architectural Works, including but not limited to the further reproduction or distribution of the Infringing Plans, and the construction, marketing, sale, or rental of the Infringing House.

46. Pursuant to 17 U.S.C. § 503(b), KFA is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of its exclusive rights.

**CONDITIONS PRECEDENT**

47. KFA generally avers that all conditions precedent to its rights of recovery have

occurred or have been performed.

## JURY DEMAND

48. Pursuant to Federal Rule of Civil Procedure 38, KFA demands trial by jury on all issues so triable.

## PRAYER

WHEREFORE, KFA demands judgment against Defendant as follows:

(1) That judgment be entered against Defendant for all profits attributable to each copyright infringement by Defendant, its agents, servants, employees and those acting in concert with each or any of them in accordance with 17 U.S.C. § 504(b).

(2) That a permanent injunction be issued restraining Defendant, its agents, servants, employees, and those acting in concert with it, from directly or indirectly infringing any of Plaintiff's Architectural Works, except pursuant to a lawful license or express authority of the Plaintiff, in accordance with 17 U.S.C. § 502.

(3) An Order that all copies or copies of derivatives of Architectural Works, including any Architectural Works in electronic form, be impounded from Defendant and destroyed in accordance with 17 U.S.C. § 503.

(4) A declaration that the Infringing House constructed by Defendant is an infringing copy of KFA's architectural work.

(5) That Plaintiff be awarded all pre-judgment and post-judgment interest, as allowed by law, against Defendant.

(6) That in such judgment, Plaintiff be awarded all such other and further relief as this Court deems just and proper.

Date: March 24, 2025                                Respectfully submitted,

                                                           By: /s/ *Jacob Dylan White*
                                                                Jacob White, Ark. Bar No. 2015239
                                                               **TAYLOR KING LAW**
                                                               3801 Rogers Avenue
                                                               Fort Smith, AR 72903
                                                               Office: (479) 688-3198
                                                               jacobwhite@taylorkinglaw.com

                                                               Louis K. Bonham (PHV Motion to be filed)
                                                               Califf T. Cooper (PHV Motion to be filed)
                                                               **OSHA BERGMAN WATANABE & BURTON LLP**
                                                               1100 Louisiana Street, Suite 4900
                                                               Houston, Texas 77002
                                                               713.228.8600 Telephone
                                                               Bonham@obwb.com
                                                               Cooper@obwb.com

                                                               *COUNSEL FOR PLAINTIFF*